IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
UNITED STATES OF AMERICA    )
                            )    CRIMINAL ACTION NO.
     v.                     )         2:23cr30-MHT
                            )            (WO)
JON'DERIUS LASHON SCOTT     )
```

**ORDER**

This case is before the court on defendant Jon'derius Lashon Scott's pro se motion for a sentence reduction (Doc. 200) pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). In the motion, Scott argues that he should receive a sentence reduction due to his youthfulness at the time of the offense, the new availability of a departure for youthfulness under the U.S. Sentencing Guidelines, his difficult childhood, and his impressive efforts to rehabilitate himself in prison. *See* U.S. Sentencing Commission, 2024 Guidelines Manual (hereafter "U.S.S.G."), § 5H1.1. For the following reasons, the court will deny the motion.

Scott seeks compassionate release under 18 U.S.C. § 3582(c)(1), which authorizes a court to modify a term of imprisonment *in only limited circumstances*. As relevant here, that provision states:

> "[T]he court, ... upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>   (i) extraordinary and compelling reasons warrant such a reduction; ...
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

18 U.S.C. § 3582(c)(1)(A). The "applicable policy statement" with which relief under § 3582(c)(1)(A) must be consistent is found in Guideline 1B1.13 of the United States Sentencing Guidelines. Guideline 1B1.13 mirrors § 3582(c)(1)(A) in that it provides that a court may

2

reduce a term of imprisonment if the court determines that "[e]xtraordinary and compelling reasons warrant the reduction;" "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g);" and "the reduction is consistent with this policy statement." U.S.S.G. § 1B1.13(a). The policy statement also sets forth several categories of circumstances under which extraordinary and compelling reasons exist, such as medical circumstances, advanced age of the defendant, family circumstances, and being a victim of abuse. *See* U.S.S.G. § 1B1.13(b).

Defendant Scott's youth, the revision to the guidelines departure based on age, § 5H1.1, and his rehabilitation do not constitute extraordinary and compelling reasons under any the categories set forth in § 1B1.13(b). Thus, the court will not grant a sentence reduction. In addition, the 18 U.S.C. § 3553(a) factors weigh against reducing the sentence. As the government noted, the court granted Scott a downward variance at sentencing that significantly reduced his sentence for

3

robbery due to his youthfulness at the time of the offense.  Any further reduction would fail to reflect the seriousness of the robbery offense.  *See* 18 U.S.C. § 3553(a)(2)(A).  For this reason, even if the new departure for youthfulness were in effect at the time of sentencing, it would have had no greater impact on Scott's robbery sentence than the variance the court already granted.  The new departure also would have had no impact on his overall sentence.  The court could not reduce Scott's 84-month consecutive sentence for brandishing a firearm during a crime of violence because 84 months is the statutory mandatory-minimum sentence for the offense.  *See* 18 USC § 924(c)(1)(A)(ii).

That said, the court commends Scott's commitment to rehabilitation and congratulates him for obtaining his G.E.D.  The court encourages Scott to continue his strides towards a productive life.

\*\*\*

Accordingly, it is ORDERED that defendant Jon'Derius Lashon Scott's motion for a sentence reduction (Doc. 200) is denied.

DONE, this the 27th day of October, 2025.

                         /s/ Myron H. Thompson
                         **UNITED STATES DISTRICT JUDGE**